### RICHARDSON *v.* SHIP HAVRE.

*(Circuit Court, S. D. New York.   September 28, 1880.)*

**1.** APPEAL—BILL OF EXCEPTIONS.—A bill of exceptions, to present for review, upon appeal to the supreme court, the rulings of the circuit court, must be based on exceptions taken to such rulings at the time the rulings were made.

**2.** SAME—SAME—PRACTICE.—Where no exceptions are taken during the trial, the only paper which the judge can sign upon appeal is a record showing the proceedings which took place in court in the case at the trial prior to the decision of it by the court, embodying the requests to find on both sides, and also the findings made and the written opinion of the court, and the exceptions filed, showing the dates of the several proceedings.

In Admiralty.

*Shipman, Barlow, Larocque & McFarland,* for libellant.

*Blatchford, Seward, Griswold & Da Costa,* for claimant.

BLATCHFORD, C. J.   In this case, a suit in admiralty *in rem*, there was a final decree by the district court in favor of the libellant. The claimant appealed to this court. The trial in this court took place in February, 1879. At the trial each party presented to the court requests to find certain facts and certain conclusions of law. In June, 1879, the court

filed certain findings of fact and conclusions of law made by it. On the twenty-second of July a final decree was filed, signed by the judge, dismissing the libel, with costs, and dated July 10, 1879. The libellant neither took nor filed any exceptions until July 17, 1880, when he filed a paper containing exceptions to refusals of the court to find certain matters of fact which the libellant requested it to find, the exceptions being made on the ground that the facts which the libellant so requested the court to find were clearly proved by the evidence, and not contradicted by any material evidence in the case, and that therefore the refusal of the court to find the same was in each case an error in law, as a finding against evidence. The same paper contains an exception to a finding of fact which the court made as unsupported by any evidence. The same paper contains exceptions to certain conclusions of law found by the court. With a view to using it on an appeal to the supreme court, the libellant now presents to the court, to be signed and filed, a paper calling itself a bill of exceptions, which represents that said exceptions were filed before the final decree was made.

The act of February 16, 1875, provides that the circuit court, "on deciding causes of admiralty and maritime jurisdiction on the instance side of the court, shall find the facts and the conclusions of law upon which it renders its judgments or decree and shall state the facts and conclusions of law separately," and that "the review of the judgments and decrees entered upon such findings by the supreme court upon appeal shall be limited to a determination of the questions of law arising upon the record, and to such rulings of the circuit court, excepted to at the time, as may be presented by a bill of exceptions prepared as in actions at law." Under this statute the supreme court can, on an appeal, determine the questions of law arising upon the record. It can determine the questions of law arising on the facts found by the circuit court. But a bill of exceptions to present for review rulings of the circuit court must be based on exceptions taken to the rulings at the time the rulings are made. No other exceptions can be embraced in a bill of exceptions. If no excep-

tions to rulings are taken before the decree is entered, that is, during the trial, there can be no bill of exceptions. Therefore, in the present case, there can be no bill of exceptions, and I must decline to sign one. The only paper I can sign is one amounting to a record, showing the proceedings which took place in court in the case at the trial, prior to the decision of it by the court, embodying the requests to find on both sides, and also the findings made and the written opinion of the court, and the exceptions filed showing the dates of the several proceedings. It must be left to the supreme court to say what, upon such record, will be the extent of its review in this case. I have changed the proposed bill of exceptions into such a record and have signed it.